The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, Arkansas 72032
Dear Senator Baker:
I am writing in response to your request for an opinion on the following question:
 Are the county clerks' offices allowed to remain legally open outside regular Monday through Friday business hours for the express purpose of accommodating early voting for the November general election?
RESPONSE
I addressed this question in Op. Att'y Gen. 2000-295. I have enclosed a copy of that opinion for your review. The law has not changed since the issuance of that opinion. It is clear that state law authorizes the Pulaski County Board of Election Commissioners to extend the normal hours for early voting in Pulaski County. See A.C.A. § 7-5-418(b)(5)(A) (Repl. 2000). The question is not as clear for other counties in the state. As I stated in Op. Att'y Gen. 2000-295, ". . . the letter of the law authorizes early voting in all counties during `regular office hours.'"Id. at 4. I also stated in Opinion 2000-295 that "`regular office hours' for purposes of A.C.A. § 7-5-418 may vary from county clerk to county clerk."
In Opinion 2000-295, I discussed "regular office hours" in one particular county, Jackson County. In Jackson County a local ordinance established the "normal working hours" of the Jackson County Clerk as 8:00 a.m. to 4:30 p.m. Monday through Friday and there was no evidence that the Jackson County clerk maintained regular office hours at other times. Id.
at 5 and n. 1. I therefore stated that early voting on Sunday in Jackson County "might not have been consistent with law and could possibly have been enjoined prior to the election." Id. at 7. As I noted in Opinion2000-295, however, "[a]gain, `regular office hours' may vary from county to county." Id. at 4. The existence of local ordinances setting regular working hours or the practice of individual county clerks with regard to "regular working hours" may impact the issue in each county.
With regard to the relevant state statute, I also noted that "the proper construction of subsection (a) [of A.C.A. § 7-5-418] is not entirely free from doubt, perhaps necessitating legislative clarification." Id. at 4. A number of bills were introduced in the 2001 regular legislative session to address this issue. See Senate Bill 780; Senate Bill 373; House Bill 1836; House Bill 1522; House Bill 1075 and House Bill 1031. None of these bills became law. Without further clarification by the legislature, I am constrained to opine in the above fashion.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
Enclosure